IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-207-FL-1
No. 5:16-CV-168-FL

| | |
|---|---|
| MARKEITH HART, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence made pursuant to 28 U.S.C. § 2255, as corrected and amended (DE 59, 63, 67), and his motion for speedy disposition (DE 57). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 75). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies petitioner's motion to vacate, grants the government's motion to dismiss, and denies as moot petitioner's motion for speedy disposition.

## BACKGROUND

On November 3, 2014, pursuant to a written plea agreement, petitioner pleaded guilty to possession of an unregistered National Firearms Act weapon, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. On March 30, 2015, petitioner was sentenced to 87 months' imprisonment. Petitioner appealed his judgment, but the Fourth Circuit Court of Appeals affirmed the court's sentence.

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

On April 8, 2016, petitioner filed his motion for speedy disposition. On the same day, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, arguing that: 1) his attorney provided ineffective assistance of counsel based on a conflict of interest; and 2) following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his sentence was improperly enhanced. In its motion to dismiss, filed on August 30, 2016, the government argues that petitioner's § 2255 motion should be dismissed for failure to state a claim upon which relief can be granted.

**COURT'S DISCUSSION**

A.    Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the Untied States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and making findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.    Analysis

    1.    Motion to Vacate

        a.    Petitioner fails to state a claim of ineffective assistance of counsel.

In his first claim, petitioner alleges that his attorney provided ineffective assistance based on a conflict of interest. Mot. Vacate Mem. (DE 67-1) at 2-6. In particular, petitioner contends that his attorney represented him during the plea process and also represented Kurt Swain, an individual

who assisted law enforcement in the investigation and prosecution of petitioner's case. Id. at 2. Petitioner argues that when the court allowed his attorney to withdraw from representation, it was because the court found there was an actual conflict of interest. Id. at 6.

When an ineffective assistance of counsel claim is premised on the existence of a conflict of interest, the appropriate legal standard is set forth in Cuyler v. Sullivan, 446 U.S. 335 (1980). United States v. Nicholson, 475 F.3d 241, 249 (4th Cir. 2007). Under Cuyler, a petitioner must show: 1) his attorney operated under "an actual conflict of interest"; and 2) this conflict "adversely impacted his lawyer's performance." Cuyler, 446 U.S. at 348; Nicholson, 475 F.3d at 249. If a petitioner makes this showing, prejudice is presumed and nothing more is required for relief. Cuyler 446 U.S. at 349-50; Nicholson, 475 F.3d at 249.

At the outset, the court notes that petitioner has misstated the relevant facts. On December 3, 2014, after petitioner's arraignment but before his sentencing, petitioner's counsel moved to withdraw from representation. The basis of counsel's motion was that she had learned of a conflict of interest that would arise if she continued to represent petitioner. See Mot. Withdraw (DE 24). The court granted counsel's motion on December 4, 2014. On that same day, a new attorney entered a notice of appearance in the case.

Petitioner's claim fails under the first prong of the Cuyler standard because petitioner's counsel represented that she withdrew when she became aware of a potential conflict of interest. Petitioner has failed to show how this potential conflict of interest created an actual conflict of interest. See Cuyler, 446 U.S. at 350 (holding that "the possibility of a conflict is insufficient to impugn a criminal conviction"). Petitioner's claim also fails under the second prong of the Cuyler standard because petitioner has failed to suggest how counsel's alleged conflict of interest adversely

3

impacted her performance. Because petitioner's first claim fails under both prongs of Cuyler, petitioner's first claim must be dismissed.

  b.  Petitioner's Johnson claim fails on the merits.

Petitioner argues in his second claim that in light of the Supreme Court's decision in Johnson, 135 S. Ct. at 2551, his sentence was improperly enhanced. Mot. Vacate Mem. (DE 67-1) at 6-9. Specifically, petitioner alleges that he no longer has a prior "crime of violence," and thus, his guidelines calculation is incorrect. Id. at 7-9.

Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. 2563. In this case, petitioner relies on Johnson's reasoning to challenge the application of a similar clause found in U.S.S.G. § 4B1.2(a) at the time of his sentencing. See U.S.S.G. § 2K2.1, cmt. n.1 (stating § 4B1.2(a) provides the definition for "crime of violence" in § 2K2.1). The Supreme Court recently held, however, that "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S. Ct. 886, 894 (2017). Thus, petitioner may not rely on Johnson's reasoning to attack his base offense level calculation. Accordingly, petitioner's second claim must be dismissed.

  2.  Motion for Speedy Disposition

In petitioner's second and final motion, he seeks a "speedy disposition" of his motions and warns that if the court does not expeditiously resolve his pending motions, the government will be forced to incur great expense to transport him back to court. Because all of petitioner's pending

4

motions are resolved in the instant order, his motion for speedy disposition must be denied as moot.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should be decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. Daniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

For the foregoing reasons, the court DENIES petitioner's motion to vacate (DE 59, 63, 67), GRANTS the government's motion to dismiss (DE 75), and DISMISSES as moot petitioner's motion for speedy disposition (DE 57). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of May, 2017.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　LOUISE W. FLANAGAN
　　　　　　　　　　　　　　　　　　United States District Judge